# EXHIBIT "A"

(Federal Court Notice of Removal)

to

## NOTICE OF FILING NOTICE OF REMOVAL

*Charles L. Tavelle, III*

*v.*

*Patrol Officer Tony Peter Molina, Pursuant to 42 U.S.C. § 1983 and City of North Charleston Pursuant to 42 U.S.C. § 1983 and S.C. Code § 15-78-10*

C/A No. 2022-CP-10-05154

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |
| Charles L. Tavelle, III ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | |
| ) | |
| Patrol Officer Tony Peter Molina, ) | |
| pursuant to 42 U.S.C. § 1983; City of North ) | |
| Charleston pursuant to 42 U.S.C. § 1983 ) | |
| and S.C. Code § 15-78-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**TO:    THE DEFENDANT ABOVE NAMED**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber at his office at 171 Church Street, Suite 160, Charleston, South Carolina, 29401 within thirty (30) days after service hereof, exclusive of the day of such service.

**YOU ARE HEREBY GIVEN NOTICE FURTHER** that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

Respectfully submitted,

**JOHN T. GENTRY, III, L.L.C.**–Bar No. 101527

By: s/*John T. Gentry, III*
171 Church Street, Suite 360
Charleston, SC 29401
T* 843.806.2633 | F* 843.806.2550.
john@johngentrylaw.com

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT |

CHARLES L. TAVELLE, III

                Plaintiff,

v.

PATROL OFFICER TONY PETER MOLINA, Pursuant to 42 U.S.C. § 1983; CITY OF NORTH CHARLESTON, pursuant to both 42 U.S.C. § 1983 and S.C. Code § 15-78-10,

                Defendants.

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Charles Tavelle, hereby demands a jury trial and moves this Court for entry of judgment in his favor against the Defendants named herein, and in support of such complaint avers as follows:

## NATURE OF ACTION

1. Plaintiff brings this action resulting from damages he incurred due to the wrongful and false arrest, malicious prosecution, and excessive and unlawful force on his person committed by Defendant North Charleston Police Department Officer Tony Peter Molina. This wrongful arrest and excessive use of force deprived the Plaintiff of several of his constitutional rights, including, but not limited to, the Plaintiff's right to be free from excessive and unreasonable force in the course of searches and seizures as secured by the Fourth and Fourteenth Amendments. Moreover, the violations committed by the Defendant Officer were both committed under color of state law and affirmatively and proximately caused by both the official policies and customs of the Defendants City of North Charleston through their North

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

Charleston Police Department, were grossly negligent, and represented deliberate indifference of all named Defendant-entities.

## JURISDICTION AND VENUE

2. This action is filed in the Court of Common Pleas in the Ninth Judicial Circuit of the State of South Carolina, and includes federal claims under said court's concurrent jurisdiction to hear claims arising under the Fourth and Fourteenth Amendments of the United States Constitution, brought pursuant to 42 U.S.C. § 1983 and 1988, as well as the South Carolina Tort Claims Act, codified at S.C. Code §§ 15-78-10 *et seq.*

3. This Court is an appropriate venue for these causes of action, as the actions complained of took place within the County of Charleston, evidence and records relevant to the allegations are maintained in the County of Charleston, and Plaintiff is informed and does believe that all Defendants are domiciled within the County of Charleston.

## PARTIES

4. That Plaintiff Charles Tavelle (herein "Plaintiff Tavelle," "Mr. Tavelle," "Tavelle," or "Plaintiff") is a domiciliary of the County of Berkeley, State of South Carolina.

5. Defendant Patrol Officer Tony Peter Molina (herein "Defendant Molina," "Molina," or "Defendant"), was at all times relevant acting under color of law and in the course and scope of his duties as either an employee, agent, officer or official of the North Charleston Police Department and Defendant City of North Charleston. Defendant Molina is believed to be a domiciliary of South Carolina,

or at least was at the time of the alleged incident. He is sued in his individual capacity for compensatory and punitive damages under Federal law.

6. Plaintiff alleges that the Defendant City of North Charleston (hereinafter "Defendant City," "Defendant," or "City"), through its North Charleston Police Department, are liable for the acts and omissions of its employees for the negligence, gross negligence, recklessness and other liability forming conduct that caused harm to the Plaintiff.

7. All Defendants were acting within the course and scope of their official duties as employees of the Defendant City in relation to these claims.

8. Defendant Molina was at all relevant times acting under color of state law and in the course and scope of his duties as officers and employees for the NCPD and the City. He is sued in his individual capacity for compensatory and punitive damages under Federal law.

9. Defendant City is a municipal organization and political subdivision of the State of South Carolina and/or some other type of entity that are responsible for the actions of its agents and employees. Molina was an agent and/or employee of NCPD and the City and at all times mentioned herein was acting within the scope and course of his employment for Defendant City.

10. Plaintiff is informed and does believe that Defendant City had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

11. All Defendants (public entities and individuals) are also sued under Federal law and Federal Causes of Action.

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

12. Defendants City of North Charleston is named and sued under State law causes of action that include the actions of Defendant Tony Molina for purposes of the South Carolina Tort Claims Act.

13. Punitive damages are not sought against Defendant City of North Charleston for the State law or federal law causes of action herein.

## FACTUAL BACKGROUND

14. On or about the evening of July 22, 2022, Plaintiff Charles Tavelle and his wife Latasha Tavelle drove into the Ralph M. Hendricks Park and Public Boat Landing located at 5250 Virginia Avenue in North Charleston South Carolina.

15. Shortly before entering the park, a North Charleston Police Cruiser whom Plaintiff is informed and does believe contained officers Rodriguez and Defendant-Officer Tony Peter Molina followed Mr. Tavelle into the park.

16. As Plaintiff lawfully parked with his wife, the police cruiser that followed them parked next to another North Charleston Police Cruiser that was already present in the park when Plaintiff arrived. Plaintiff is informed and does believe that this police cruiser contained Officers Barton and Cardenas. As Plaintiff and his wife parked and started to exit their vehicle, Plaintiff noticed that the officers were approaching, and exited his vehicle in order to talk to the officers.

17. At the time of Plaintiff's encounter with the officer on-scene, Plaintiff is informed and does believe that Officer Molina was responsible for training Defendant Officer Rodriguez. Plaintiff is further informed and does believe that Officer Barton was responsible for training Officer Cardenas.

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

18. Defendant Molina acted in a hostile manner and told Mr. Tavelle that the park was closed.

19. Mr. Tavelle asked respectful questions about who was allowed to fish at the park and Defendant Field Training Officer Molina told Mr. Tavelle to leave in a hostile manner.

20. Mr. Tavelle complied with Defendant Molina's commands, and upon entering his vehicle in order to leave, Mr. Tavelle said to Defendant Molina that "the reason why the NCPD can't solve crimes is because y'all too busy at the parks harassing citizens."

21. Defendant Molina responded by screaming "shut the fuck up!" Defendant Molina then charged towards Mr. Tavelle who was in his vehicle at the time, forcefully removed the Plaintiff from his vehicle, and slammed the Plaintiff to the ground using empty hand techniques learned through his background in military training to vital areas of the Plaintiff's body. This action caused the Plaintiff personal injuries, loss of enjoyment of life, and lost wages.

22. Defendant Molina then arrested the Plaintiff for trespassing, a charge that was later dismissed in the Plaintiff's favor, further wrongfully depriving Plaintiff of his freedom. Defendant Molina further refused to loosen Plaintiff's handcuffs while Plaintiff was receiving medical treatment due to Defendant's attack, which further injured Plaintiff.

23. Defendant Molina then wrote a police report in which Defendant Molina stated that "Officer Molina then advised Mr. Tavelle to leave the Park or he would be arrested to which Mr. Tavelle continued to argue. Officer Molina then opened the

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

driver door and asked Mr. Tavelle to exit the vehicle." Molina went on to write that Tavelle "refused to exit the vehicle and asked Officer Molina 'what are you going to do about it' at which time Officer Molina gained control of Mr. Tavelle and escorted him to the ground to safely effect the arrest."

24. Plaintiff is adamant that the purported facts stated above by Defendant Molina never happened, and that in-fact, Defendant Molina lost all composure and control and did not give any commands to Mr. Tavelle. Defendant Molina instead physically charged and beat the Plaintiff and did not give him any opportunity to avoid the beating nor issue any commands before manhandling and tackling him to the ground, causing him injuries.

25. Moreover, none of the officers present reported an accurate list of the names of the officers at the scene, excluding Officer Rodriguez, thereby violating policy.

26. Upon being arrested, Plaintiff Tavelle was forced to hire a criminal defense attorney. Said attorney requested Defendant Molina's body camera video footage as part of discovery on the case. The North Charleston Police Department and Defendant City of North Charleston refused to provide said attorney with the body camera footage, and instead dismissed the trespassing charge against Mr. Tavelle. Mr. Tavelle's criminal defense attorney further requested said body camera footage for the record of the case despite the case being dismissed. The City of North Charleston further refused to release Officer Molina's body camera video.

27. On or around July 27, 2022, Plaintiff Tavelle filed a complaint against Defendant Molina and other officers on the scene in relation to his July 22, 2022 arrest with

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

|  | the office of Professional Standards in the North Charleston Police Department. To Plaintiff's knowledge, the investigation of that complaint is officially still pending. |
|---|---|
| 28. | From the moment Mr. Tavelle entered said office to file said complaint; NCPD Officer Renalte Dalton, the officer in charge of hearing Mr. Tavelle's complaint, did everything she could to discourage Mr. Tavelle from filing a complaint against Defendant Molina. |
| 29. | On or about March 11, 2022, another NCPD Officer used excessive force against a non-suspect named Quincy Vaughn in a trespassing investigation merely for arguing that the officer should have let his cousin go. |
| 30. | Although the video of that altercation has been released, the Defendant City of North Charleston inexplicably found the force was proper Plaintiff is informed and does believe that this represents a trend of policy-making authorities, including, but not limited to the Defendant City of North Charleston, did nothing to further investigate this wrongdoing, did nothing to punish and correct such improper behavior on the part of the officers involved and upon information and belief, these Defendants have an unwritten policy to simply "look the other way" and are in fact deliberately indifferent to the past and current improper behavior of the City's NCPD officers such as Molina. |
| 31. | This "looking the other way" by the 'powers that be' within the Defendant City and its NCPD fosters an environment where improper and unconstitutional conduct is condoned, tolerated and/or emboldened by policymaking authorities within Defendant City and its NCPD. |

32. Upon information and belief, this "policy making" Defendant City was deliberately indifferent with respect to the failure to train officers such as Defendant Molina in important types of training such as "standard operating procedure" and other types of training including but not limited to the use of conducting traffic stops and using level 3 and level 5 force all without cause.

33. Defendant City allowed, condoned, encouraged, was deliberately indifferent, emboldened unconstitutional conduct and otherwise acted improperly and unconstitutionally with respect to the improper actions of its officers.

34. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of South Carolina.

35. All Defendants' conduct herein, was contrary to generally accepted, reasonable law enforcement procedures, training and tactics and caused damage to the Plaintiff as laid out in this Complaint.

36. That acts and/or omissions, cited above, by all Defendants, were the direct and proximate cause of the injuries, damage, losses of the Plaintiff, including but not limited to pain and suffering, shock, humiliation, shame, embarrassment and anxiety, past medical bills, past lost wages, as well as future pain and suffering, shock, humiliation, shame, embarrassment and anxiety, future medical bills, future lost wages, and other damages, both economic and non-economic, as may be learned during the discovery of this case.

37. The acts and/or omissions of the Defendants violated the following clearly established and well-settled Federal and State Constitutional rights of Plaintiff.

### FOR A FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force & Due Process Violations)**

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

**(Defendant Tony Peter Molina)**

38. Plaintiff re-alleges and reiterates the preceding paragraphs, as fully as if repeated herein verbatim.

39. By the acts and omissions described above, Defendants named in this cause of action violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the course of search or seizures as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendments;

   d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;

   e. The right to be free from deprivation of liberty and injury without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

   f. And in such other particulars as may be learned through discovery.

40. As a direct and proximate result of the Defendant Molina's acts and/or omissions as set forth above, Plaintiff Tavelle sustained injuries and damages as otherwise set forth in this Complaint.

41. The conduct of the above-named Defendant Molina in his individual capacity, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and the South Carolina Code.

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

42. Plaintiff Tavelle is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable South Carolina Codes and laws.

**FOR A SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 Deliberate Indifference)**
**(City of North Charleston)**

43. Plaintiff re-alleges and reiterates every allegation of the preceding paragraphs, as fully as if repeated herein verbatim.

44. The unconstitutional actions and/or omissions of Defendants City of North Charleston, as well as other officers employed by or acting on behalf of these Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the City and NCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for NCPD and the City:

    a. To teach or tolerate the improper handling, investigation and arrest/seizure of a citizen;

    b. To create unnecessary danger and risk of serious harm or death, with deliberate indifference, to citizens of North Charleston and Charleston County;

    c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

    d. To use or tolerate inadequate, deficient, and improper training for use of force, arresting, investigating incidents, interrogations, questioning, and other use of conduct, and;

    e. As may otherwise be learned during discovery in this case.

45. Defendant City of North Charleston failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline officers of the NCPD with deliberate indifference to the Plaintiff's constitutional rights, which were thereby violated as described above.

46. The unconstitutional actions and/or omissions of Defendant Molina in his official capacity, and other NCPD officers, as described above, were approved, tolerated, and/or ratified by policymaking officers for the NCPD and the City.

47. The details of this incident have since been revealed to the authorized policymakers within the NCPD and the City, and that such policymakers have direct knowledge of the improper actions. Notwithstanding this knowledge, the authorized policymakers within NCPD and the City have simply ignored these improper actions, have approved of Defendant Molina's actions, and have made a deliberate choice to endorse this improper and unconstitutional conduct. By so doing, the authorized policymakers within NCPD and the City have shown affirmative agreement with the unlawful and excessive actions of the individual Defendants, and have ratified the unconstitutional acts of the individual Defendant Molina.

48. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth herein.

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

49. Defendants above-named in this cause of action subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

50. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants above-named in this cause of action, Plaintiff sustained serious harms and losses and is entitled to damages, penalties, costs and attorney fees as set forth above.

### FOR A THIRD CAUSE OF ACTION
**(Negligence & Gross Negligence— State Tort Claims Act)**
**(City of North Charleston)**

51. Plaintiff re-alleges and reiterates every allegation of the preceding paragraphs, as fully as if repeated herein verbatim.

52. Defendants above-named in this cause of action departed from the duties of acre required by law enforcement officers and the agencies that hire, train, and employ these officers and were thereby negligent, careless, grossly negligent, reckless, and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts and/or omissions or commission, any or all of which were departures from the prevailing duties of care:

   a. in failing to ensure the safety and reputation of the Plaintiff;

   b. in failing to appreciate the conditions that existed during the events in question;

   c. in failing to adhere to proper law enforcement procedures;

      d. in failing to possess probable cause in order to effectuate the arrest of Plaintiff Tavelle;

      e. in failing to use discretion before, during and after the stop and consider other methods available to apprehend suspects;

      f. in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers to investigate allegations and reports, training of officers or, if such policies, procedures, and protocols were in place, in failing to use due care to enforce them;

      g. in such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

53. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by the above-referenced Defendants in this cause of action, Plaintiff was severely injured and has suffered severe and extreme emotional distress, anxiety, grief and sorrow and other harms and losses for which the Plaintiff is entitled to recover in an amount to be determined by a jury at the trial of this action.

### FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution and False Arrest— State Tort Claims Act)
### (All Defendants)

54. Plaintiff re-alleges and reiterates every allegation of the preceding paragraphs, as fully as if repeated herein verbatim.

55. Although said proceedings were initiated in light of exculpatory evidence and without probable cause, criminal legal proceedings were commenced against the

Plaintiff on July 22, 2022.

56. These criminal legal proceedings were brought at the behest of Defendant Tony Peter Molina.

57. These criminal proceedings were subsequently terminated in Plaintiff's favor.

58. Based on the claims and facts stated in this pleading herein, a sufficient lack of probable cause has been shown to create an inference of malice to carry this question to the trier of fact.

59. Malice can further be inferred from the fact that after attacking the Plaintiff, Defendant Molina wrote a false incident report to falsify probable cause in order to try to justify his conduct and arrest.

60. Charles Tavelle was leaving the scene as directed by the officers and did nothing wrong except make a constitutionally protected comment about his opinion of NCPD officers and there was not probable cause to arrest

61. Plaintiff received injury and damages as a result of these acts and omissions, including but not limited to pain and suffering, shock, humiliation, shame, embarrassment and anxiety, medical bills, past lost wages, as well as future pain and suffering, shock, humiliation, shame, embarrassment and anxiety, future medical bills, future lost wages, loss of enjoyment of life, both economic and non-economic, as may be learned during the discovery and trial of this case.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for judgment against all Defendants for all actual damages, consequential damages, and punitive damages in an amount to be determined by a jury at the trial of this action as well as attorney's fees and costs pursuant to 42

ELECTRONICALLY FILED - 2022 Nov 08 2:19 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005154

U.S.C. §§ 1983 and 1988 and for such other and further relief as this Court deems just and proper.

                                Respectfully Submitted,

                                **JOHN T. GENTRY, III, L.L.C.**–Bar No. 101527

                                By: s/*John T. Gentry, III*
                                171 Church Street, Suite 360
                                Charleston, SC 29401
                                T* 843.806.2633 | F* 843.806.2550.
                                john@johngentrylaw.com

November 8, 2022
Charleston, South Carolina.